

GOURLEY, Chief Judge.

In this habeas corpus proceeding the petitioner was tried and convicted in the Criminal Court of Erie County, Pennsylvania.

**COMMONWEALTH ex rel. THOMPSON**
v.
**MARONEY, Warden, et al.**
**Civ. A. No. 12455.**

United States District Court
W. D. Pennsylvania.
June 30, 1954.

The petition for writ of habeas corpus which has been presented to this court is loosely drawn, apparently without the aid of legal counsel, and it is extremely difficult to determine the exact nature of the complaint wherein it is contended there has been a denial of rights given by the Constitution of the United States.

In addition thereto, it does not appear that the petitioner has exhausted the remedies which are available to him in the state courts. It further appears that the petition fails to comply with the formal requirements of Rule 15 of this court which provides:

"The formal requirements in a petition for writ of habeas corpus shall be as follows:

"1. The petition be in writing addressed to the court authorized to issue the writ.

"2. It should set forth the place of petitioner's confinement, and the

name and address of the person in whose custody the prisoner is restrained.

"3. It must allege that the petitioner is unlawfully restrained of his liberty and show precisely the alleged illegality of restraint, by stating the pertinent facts in such a manner as to make possible an intelligent judgment upon the question.

"4. It should state by what authority the respondent purports to detain the petitioner.

"5. If the petitioner does not know by what authority he is being detained, he should so state.

"6. It must be set forth whether sentence was imposed on judgment of conviction after trial by jury, or if sentence was imposed after the entry of a plea of guilty, or plea of nolo contendere.

"7. If petitioner is in custody pursuant to a judgment of a State court, it must be set forth what procedure was followed, if any, to have the judgment of conviction or plea of guilty reviewed by the appellate courts in the Commonwealth of Pennsylvania and the Supreme Court of the United States, and the disposition of said appeals or writ of certiorari must be given.

"8. If the petitioner is confined by virtue of a judgment of a state court, it is necessary to set forth copies of any petitions for writ of habeas corpus which have been previously filed in the State Courts or Federal Courts, the determination made by the court, and whether or not a denial was made of said petition or petitions previously filed or appealed to the higher tribunals in the state, and if application had been made to the Supreme Court of the United States by appeal or writ of certiorari from said refusal.

"9. If the petitioner has not exhausted all remedies available in the appellate courts in the Commonwealth of Pennsylvania, the rea-sons therefor must be set forth in detail and an allegation that the trial court and the appellate courts in the Commonwealth of Pennsylvania so departed from rights given under the Constitution of the United States, which would justify a federal court's intervention to protect the constitutional rights of the petitioner.

"10. The petition must be verified or sworn to."

It is further provided by the United States Judicial Code, Section 2254 of Title 28—

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State * * *."

■ A conviction after public trial in a state court by verdict or plea of guilty places the burden on the accused to allege and prove primary facts, not inferences, that show, notwithstanding the strong presumption of constitutional regularity in state judicial proceedings, that in his prosecution the state so departed from constitutional requirements as to justify a federal court's intervention to protect the rights of the accused. The petitioner has the burden also of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist. Darr v. Burford, 339 U.S. 200, 218, 219, 70 S.Ct. 587, 94 L.Ed. 761. I have accepted for the purpose of disposing this petition all allegations in the petition to be true, and I find nothing which establishes such exceptional circumstances or matters of peculiar urgency to justify the abrogation or modification of the requirement that state remedies shall be exhausted.

■ Since it appears from the allegations in the application for writ of habeas corpus that the petitioner has not exhausted all state remedies which

are available in the state courts together with a denial of application for writ of certiorari by the Supreme Court of the United States, no jurisdiction presently exists in this court to consider the petition. Darr v. Burford, supra.

In view of the forma pauperis affidavit executed by the petitioner, an order will be entered wherein leave is granted to file the petition in forma pauperis in this court, but for the reasons heretofore given, the petition is denied.